FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION   2017 JAN 30  AM 11:24

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MARCO A. VELEZ RIVERA

    Plaintiff,

v.

CASE NO.: 6:17-CV-156-ORL-28-GJK

CO2METER, INC., A Florida Profit Corporation

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MARCO A. VELEZ RIVERA, ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, CO2METER, INC. ("Defendant") and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the FLSA to recover from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. This action is intended to cover Defendant's wage violations against Plaintiff within the past three (3) years pursuant to the FLSA.

### PARTIES

3. Plaintiff was a non-exempt/misclassified technical support employee, and performed related activities for Defendant in Volusia County, Florida.

4. Defendant is a Florida Profit Corporation, located in Ormond Beach, Florida, which is within Volusia County.

## JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

8. At all times during the last three (3) years, Defendant was a covered enterprise covered by the FLSA and as defined by 29 U.S.C.§§ 203(r) and 203(s).

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

11. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as medical files and insurance documentation.

12. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of

the fact that he regularly completed financial and business transactions with Defendant's customers regardless of location.

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without clerical employees like Plaintiff.

## FACTUAL ALLEGATIONS

14. Defendant is a Florida based business specializing in the design and manufacturing of gas detection and monitoring devices – mainly $CO_2$

15. Plaintiff worked for Defendant as non-exempt technical support employee at the during the relevant limitations period under the FLSA.

16. During his employment, Plaintiff worked in excess of forty (40) hours each workweek, and generally closer to forty-five (45) hours per week.

17. Plaintiff is not in possession of all of his pay and time records, and cannot, therefore, calculate with certainty, the amount of overtime he is entitled to as a result of Defendant's violations of the FLSA on a week by week basis, absent full access to same.

18. During all times relevant, Defendant did not pay Plaintiff the applicable overtime wage for overtime hours worked.

19. Defendant, among other things, failed to pay Plaintiff for "off the clock" hours handling customer phone calls.

20. The Department of Labor investigated Defendant and found Defendant to be in violation of the FLSA.

21. However, the amount the DOL found Defendant owed Plaintiff was not accurate and did not adequately compensate Plaintiff for his overtime hours worked. Therefore, Plaintiff

has rejected same and wishes to pursue his full overtime damages, liquidated damages, and attorneys' fees and costs.

22. During all times relevant, Defendant willfully engaged in practices that denied Plaintiff applicable overtime wages under the FLSA, because Defendant was aware that its practices were illegal.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

24. Plaintiffs reincorporate and re-allege paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

25. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid proper time and one half compensation for same.

26. Plaintiff is not an exempt employees as defined by the FLSA.

27. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

29. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Plaintiff

by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for overtime hours.

30. Prior to Plaintiff's employment being terminated, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

31. Prior to Plaintiff's employment being terminated, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

32. Prior to Plaintiff's employment being terminated, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 23rd day of January 2017.

**Respectfully Submitted,**

Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
Richard@floridaovertimelawyer.com

**/s/Richard Celler**
Richard Celler, Esq.
Florida Bar No.: 017330

*Attorney for Plaintiffs*