## SEPARATION AGREEMENT AND GENERAL RELEASE

This Separation Agreement and General Release (the "Agreement") is entered into by MARCO A. VELEZ ("Employee"), for Employee, Employee's heirs, executors, administrators, successors and assigns (hereinafter collectively referred to as "Employee"), and CO2Meter, Inc., for itself, its successors, assigns, predecessors, parents, subsidiaries, affiliates, owners, shareholders, directors, officers, present and former employees, agents, attorneys, divisions, insurers and related companies, and their respective parents, subsidiaries, affiliates, owners, shareholders, directors, officers, present and former employees, agents, attorneys, divisions, insurers and related companies (collectively hereinafter the "Company").

WHEREAS, Employee was employed with the Company; and

WHEREAS, a dispute has arisen between Employee and the Company, which initially resulted in the Employee filing a FCHR Charge of Discrimination against *CO2Meter, Inc.*, EEOC No. 15D201600053 and FCHR No.: 201600020, which later resulted in Employee filing a lawsuit styled *Marco A. Velez v. CO2Meter, Inc.*, Case No.: 6:17-cv-156-ORL-28-GJK, in the United States District Court, Middle District of Florida;

WHEREAS, all parties mutually desire to enter into this Separation Agreement and General Release; and

WHEREAS, Employee has carefully read and fully understands all of the provisions and effects of the Separation Agreement and General Release; and

WHEREAS, the parties desire, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, to effect a full, complete, final and binding settlement and compromise of all disputes and/or issues that have been raised or could be raised by Employee arising out of or in any way related to Employee's employment with and/or separation from the Company and/or any other fact or occurrence prior to the date this Agreement is signed;

NOW THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, the parties agree as follows:

Consideration. In consideration for the execution of this Agreement and in compliance with the promises made herein, Company shall pay following the execution of this Agreement the settlement sum of Fifteen Thousand Dollars ($15,000.00) as follows: a) check in the amount of $5,000.00, made payable to Marco A. Velez, for which a 1099 shall be issued; b) a check in the amount of $10,000.00, made payable to Richard Celler Legal, P.A., for attorneys' fees and costs, for which a 1099 shall be issued. The settlement payment described above will be due within twenty (20) days to Employee's attorney's office c/o Noah E. Storch, Esq., Celler Legal, P.A., 7450 Griffin Road, Suite 230, Davie, FL 33314. This amount shall constitute the full and complete satisfaction of all amounts owed to Employee from the Company. Further, Employee understands and agrees that he would not receive as consideration the payment(s) specified above, but for his execution of this Agreement and his agreement to fulfill the promises as described herein.



EXHIBIT A

Employee agrees to hold the Company harmless from any claim for taxes or penalties by any taxing entity assessed against Employee related to the Consideration.

1. <u>Taxes.</u> Employee agrees to pay any and all taxes found to be owed from monies paid pursuant to this Agreement and to indemnify and hold Company harmless from any tax liabilities as a result of any monies paid pursuant to this Agreement and understands and agrees that any necessary tax documentation may be filed by Company with regard to monies paid under this Agreement. Employee agrees that any and all liability of any kind incurred by Company due to the monies paid under this Agreement will be borne solely by the Employee. The Employee and Company (the "Parties") acknowledge that nothing herein shall constitute tax advice to the other party.

2. <u>General Release.</u> Based on the consideration described above, which Employee agrees is sufficient consideration to which Employee is not otherwise entitled, Employee hereby fully and finally releases and discharges the Company from any and all claims, demands, rights, damages, costs, losses, suits, actions, causes of action, attorneys' fees, expenses, salary, stock options, commissions, bonuses, wages, overtime or any sums of any nature whatsoever, in law or in equity, known or unknown, arising from or by reason of any matter, act omission, cause or thing whatsoever, whether known or unknown, foreseen or unforeseen, including without limitation: any and all claims by or on behalf of Employee that the Company has ever committed any statutory violation or other wrong with respect to Employee insofar as such claims have or could have been asserted by Employee; any and all claims of other liability or damage of any nature whatsoever which have arisen or might have arisen from any alleged acts, omissions, events, circumstances or conditions related to Employee's employment with and/or separation from the Company including, but not limited to, claims for breach of contract, commissions, overtime pay and/or any fact or occurrence up through the date of this agreement, including any alleged acts of harassment, discrimination or retaliation by the Company; age discrimination, workers' compensation retaliation, intentional infliction of emotional distress, constructive discharge, wage and hour, assault and battery and any other tort (including, but not limited to, any and all claims of negligent hiring, retention and/or supervision, intentional or negligent invasion of privacy, defamation, compelled defamation, intentional or negligent infliction of emotional harm, libel, slander, invasion of privacy or violations of public policy), any and all legal restrictions on the Company's right to terminate employees, or any federal, state or other governmental statute, regulation or ordinance, including any and all claims for monetary recovery, including past or future lost wages, mental anguish, pain and suffering, any liquidated, compensatory or punitive damages and attorneys' fees, expenses and interest; and any and all claims whatsoever asserted by Employee against the Company and for or on account of any matter or thing whatsoever occurring up to and including the date of execution of this Agreement. The statutory claims released by this Agreement include, but are not limited to, claims brought under:

 Title VII of the Civil Rights Act of 1964, as amended in 1991;
 The Employee Income Retirement Security Act ("ERISA");
 The Age Discrimination in Employment Act;
 The Older Worker Benefit Protection Act;
 The Fair Labor Standards Act;
 The Americans With Disabilities Act;

The Family and Medical Leave Act;
The National Labor Relations Act;
The Fair Credit Reporting Act;
The Immigration Reform Control Act;
Executive Order 11246;
OSHA;
The Equal Pay Act;
The Uniformed Services Employment and Reemployment Rights Act;
The Worker Adjustment and Retraining Notification Act;
The Employee Polygraph Protection Act;
Electronic Communications Privacy Act;
Computer Fraud and Abuse Act;
Health Insurance Portability Act; and
Any state or federal anti-discrimination, consumer protection and/or trade practices act.

The following are also covered by the above-referenced Release:

The Florida Civil Rights Act, the Florida Whistleblower Act, the Florida Workers' Compensation Act, and Florida laws, statutory or common law, regarding political activities of employees, lie detectors, jury duty, employment protection, consumer reports, discrimination, privacy rights and/or interests of employees, and any and all state, municipal and local laws and ordinances by the State of Florida.

3. Dismissal. Employee affirms that Employee has not filed, caused to be filed, and presently is not a party to any claim, complaint, or action against the Company in any forum other than the matter styled as *Marco Velez v. CO2Meter, Inc.*, Case No.: 6:17-cv-156-ORL-28-GJK, the United States District Court, Middle District of Florida, Orlando Division. Employee agrees to voluntarily dismiss the matter with prejudice within ten (10) business days after receipt of the settlement payment.

4. Agreement as Complete Defense. The parties understand that this Agreement, and the releases it contains, is a complete defense to any claim or entitlement which Employee may hereinafter assert against the Company in any suit or claim for or on account of any matter or thing whatsoever occurring up to and including the date the Agreement is signed by both parties.

5. Confidentiality. Company recognizes that the Employee has and will have information regarding its business, technology, business relationships or financial affairs which the Company has not released to the general public (collectively, "Confidential Information") is and will be the exclusive property of the Company. Confidential Information also includes information received in confidence by the Company from its customers and customers' operations, prospective customers and their operations or suppliers or other third parties. Confidential Information may include, without limitation, any and all technical and non-technical information provided by Company, including but not limited to, any data, files, reports, accounts, or any proprietary information in any way related to products, services, processes, database, plans, methods, research, development, programs, software, authorship, customer lists, vendor lists, suppliers, marketing or advertising plans/strategies, methods, analysis, information on finance,

3

structure, business plans, employee performance, staffing, compensation of others, research and development, operations, manufacturing strategies, keys, certificates, passwords, other computer information, products, vendors/suppliers' products, contemplated projects and other Confidential Information vital to the successful existence of the Company. Employee agrees that at no time or in any manner, either directly or indirectly, divulge, reveal, disclose or communicate this information to any third party without prior written consent of the Company whether that information is now or may be published or generally known by the public. Any violation of this paragraph may be material sufficient to justify legal and/or equitable relief.

The Employee agrees not to disclose the fact of this Agreement or the terms of this Agreement to anyone, except that the Employee may disclose such information to the Employee's attorneys and/or tax and financial advisors. Should the Employee disclose information about this Agreement to the Employee's attorney and/or tax and financial advisors, the Employee shall advise such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law. Employee acknowledges and agrees that any other disclosure regarding or discussing the terms of this Agreement would constitute a material breach of the Agreement.

In the event the Employee violates provision 5 of this agreement, the Company shall be entitled to an injunction to restrain the Employee from disclosing, in whole or in part, the aforementioned information, or from providing any services to any party to who such information has been disclosed or may be disclosed. The Company shall not be prohibited by the provision from pursuing other remedies, including a claim for losses or damages.

6. <u>Social Media and Internet Practices</u>. Employee shall not engage in clicking on Company's paid advertisements on Google, nor shall Employee engage in clicking on Company's paid advertisements on any and all of Company's websites, which are either owned or operated by Company, including, but not limited to www.CO2meter.com, www.MetrosCO2.com, and www.GasLab.com. Employee shall remove Company's name or comments from any social media websites or any other websites, to the extent possible on part of Employee.

7. <u>No Contact</u>. Employee and Employee's spouse agree not to intentionally contact current or former employees of the Company for work related issues or purposes.

8. <u>No Entry to Company's Property</u>. Employee agrees that he will not enter onto any land or real property that is owned, operated or occupied by Company.

9. <u>No Re-employment</u>. Employee expressly agrees that he will not be eligible for future employment or other contractual relationship in any position by Company, nor will Employee seek or apply for such employment or contractual relationship. Employee agrees that the limitations in this paragraph on Employee's future employment and contractual rights are fair and just under all of the relevant facts and circumstances.

10. <u>Non-Disparagement</u>. Employee agrees not to disparage Company, its officers and employees, or its business and financial affairs in any way, directly or indirectly, and not to take

any such action as to cast Company in a negative light. Further, Employee agrees not to post, upload or otherwise contribute negative, harassing or defamatory information on any websites, social networks of other mediums regarding Company, its employees, owners, or business and financial affairs in any way. Equally, Company agrees not to disparage Employee and will only provide neutral or positive references relating to his employment, including only his job title and dates of employment.

11. <u>Incitement of Claims.</u> The Employee also agrees that Employee will not encourage or incite any person including, but not limited to, other current or former employees or contractors of Company to assert any complaint, claim or charge or to initiate any legal proceeding against Company. Employee acknowledges that any incitement of others to file such claims would constitute a material breach of this Agreement. Further, Employee warrants and represents that Employee is unaware of any other person who may have a claim or cause of action against Company for any reason.

12. <u>No Charges or Claims Filed</u>. The Employee represents and warrants that Employee has not filed any claims or causes of action against the Company, including but not limited to, any charges of discrimination, harassment or retaliation with any federal, state or local agency or court. This representation is a material inducement to the Company entering into this Agreement.

13. <u>Non-Interference</u>. Nothing in this Agreement shall interfere with the Employee's right to cooperate or participate in an investigation or proceeding conducted by a federal or state regulatory or law enforcement agency. However, the consideration provided to the Employee in this Agreement shall be the sole relief provided to the Employee for the claims that are released by the Employee herein and Employee will not be entitled to recover and agrees to waive any monetary benefits or recovery against the Company in connection with any such claim, charge or proceeding, without regard to who has brought such Complaint or Charge.

14. <u>No Admission of Liability</u>. It is expressly understood and agreed that the acceptance of the said consideration and the signing of this Agreement shall not in any way be construed as an admission by the Company that it has acted wrongfully with respect to Employee or any other person or employee, or that Employee has any rights whatsoever against the Company. The Company specifically disclaims any liability to or wrongful acts against Employee. It is fully understood and agreed that each party shall pay that party's own attorneys' fees and costs.

15. <u>Severability.</u> The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable.

16. <u>Sufficiency of Consideration</u>. The undersigned Employee shall affirm that the only consideration for Employee's signing this Agreement are the Consideration and terms stated herein; that no other promise or agreement of any kind has been made to Employee by any person or entity whomsoever to cause Employee to execute this instrument; and that Employee fully understands the meaning and intent of the release set forth in this Agreement, including but not limited to its final and binding effect. Employee further affirms that Employee is not otherwise entitled to the Consideration provided under this Agreement.

17. <u>Breach</u>: The Employee acknowledges that if Employee materially breaches or threatens to materially breach this Agreement or the restrictive covenants contained here, discloses, sells, transfers and/or uses Proprietary and/or Confidential Information, breaches the confidentiality and non-disparagement provisions of the Agreement and/or commences a suit, action, proceeding or complaint in contravention of this Agreement and waiver of claims, Company's obligations to pay the monies and/or provide the benefits referred to in this Agreement shall immediately cease and Company shall be entitled to all other remedies allowed in law or equity, including but not limited to the return of any payment made to the Employee under this Agreement. Further, nothing in this Agreement shall prevent the Company from pursuing an injunction to enforce the restrictive covenants in this Agreement.

18. <u>Successors and Assigns</u>. The parties agree that this Agreement shall be binding on and inure to the benefit of the parties and their respective heirs, legal representatives, successors and assigns.

19. <u>Transfer of Claims</u>. Employee represents and warrants that Employee has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claims released herein. The Employee agrees to indemnify and hold Company harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees, paralegals' fees and costs, at all levels), causes of action or judgments based on or arising out of any such assignment or transfer. The Employee further warrants that there is nothing that would prohibit him from entering into this Agreement. Employee's representations to same constitute a material inducement for Company entering into this Agreement.

20. <u>Execution of Necessary Documents</u>. Each party shall, upon the request of the other, execute and re-execute, acknowledge and deliver this Agreement and incorporated general release and any and all papers or documents or other instruments, as may be reasonably necessary to implement the terms hereof with any formalities as may be required and, otherwise, shall cooperate to fulfill the terms hereof and enable the other party to effectuate any of the provisions of this Agreement.

21. <u>No Waiver/All Rights Are Cumulative</u>. No waiver of any breach or other rights under this Agreement shall be deemed a waiver unless the acknowledgment of the waiver is in writing executed by the party committing the waiver. No waiver shall be deemed to be a waiver of any subsequent breach or rights. All rights are cumulative under this Agreement.

22. <u>Knowing and Voluntary Release</u>. Employee further states that Employee has carefully read this Agreement and knows and understands its contents and that Employee executes it as Employee's own free act and deed, and enters into the Agreement knowingly and voluntarily.

23. <u>Amendment</u>. This Agreement may not be modified except upon express written consent of both parties wherein specific reference is made to this Agreement.

24. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the parties hereto. Employee also acknowledges that Employee has not relied on any representation,

promises, or agreements of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.

25. **Applicable Law.** This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced, and governed by and under the laws of the State of Florida.

26. **Review and Revocation.** Employee acknowledges and agrees that Employee has been given the opportunity to consider this Agreement for a period of 21 days, has the opportunity to review this Agreement with Employee's counsel, and has seven (7) days after signing this Agreement to revoke the portions of it relating to the release of claims for age discrimination under the Age Discrimination in Employment Act and the Older Workers' Benefit Protection Act. Such revocation must be made in writing and sent to Thomas J. Leek, Esq., 149 S. Ridgewood Ave., Suite 700, Daytona Beach, FL 32114.

27. **Headings.** The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

28. **Facsimile and Counterparts.** This Agreement may be executed in several counterparts and by facsimile and all so executed shall constitute one Agreement, binding on all the Parties hereto, notwithstanding that the Parties are not signatories to the original or same counterpart.

29. **Jurisdiction and Jury Waiver.** In the event of any future dispute, controversy or claim between the parties arising from or relating to this Agreement, its breach, any matter addressed by this Agreement, and/or Employee's employment with and/or separation from the Company, **EMPLOYEE AND THE COMPANY BOTH WAIVE THE RIGHT TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY EITHER PARTY AGAINST THE OTHER.** The parties hereby agree and consent to the jurisdiction and venue of the United States District Court, Middle District of Florida, or the Seventh Judicial Circuit, Volusia County, Florida for any dispute, controversy or claim.

30. **Costs and Expenses.** In the event of arbitration or litigation in connection with or arising out of the subject matter of this Agreement, or the employment relationship, the prevailing party shall be entitled to recover all costs and expenses incurred by such party in connection therewith, including reasonable attorneys' fees.

**IN WITNESS WHEREOF, all parties have executed this Separation Agreement and General Release:**

CO2METER, INC.
By: _____
Title: _____PRESIDENT_____

Date: 1/3/2018

**IN ADDITION TO THE TERMS AND CONDITIONS ABOVE, EMPLOYEE AGREES AS FOLLOWS**

I represent and warrant that I have read this Agreement in its entirety, have been offered a period of twenty-one days to review the Agreement, was represented by my own independent counsel, Richard Celler Legal, P.A., in connection with this Agreement, and understand and voluntarily assent to all terms and conditions herein.

MARCO A. VELEZ

By: _____

Print: Marco Velez

Date: 1/9/18

STATE OF FLORIDA
COUNTY OF VOLUSIA

Subscribed and sworn to before me this 9 day of January, 2018, by MARCO A. VELEZ who [ ] is personally known to me OR [x] has produced FL ID as identification, and who took an oath.

_____
Notary Public
My Commission Expires:

SAM CORTES
Notary Public - State of Florida
My Comm. Expires Apr 23, 2019
Commission # GG 012790