UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCO A. VELEZ,

      Plaintiff,

v.                                      CASE NO.: 6:17-cv-156-Orl-28GJK

CO2METER, INC., A Florida Profit
Corporation,

      Defendant.

_____/

**RENEWED JOINT MOTION REQUESTING ORDER APPROVING CONFIDENTIAL
SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE**

Plaintiff MARCO A. VELEZ and Defendant CO2METER, INC. by and through their
respective undersigned counsel, hereby file this Renewed Joint Motion Requesting Order
Approving Confidential Settlement Agreement and to Dismiss Lawsuit With Prejudice.  The
parties state the following in support:

**I.**      **STATEMENT OF FACTS**

1.      Plaintiff filed the instant action, asserting claims for violation of the Fair Labor
Standards Act ("FLSA").  *See* ECF No. 1.

2.      Defendant filed an Answer to the Complaint, in which Defendant denied that the
FLSA was violated and denied that Plaintiff was entitled to any recovery under the FLSA.  *See*
ECF No. 19.

3.      Notwithstanding the parties' disagreement over the legal and factual merits of the
allegations and the scope of any potential damages, the parties engaged in settlement discussions
in an attempt to see if the instant action could be resolved without further litigation.

4.      After careful review and analysis of relevant documents and information, the parties reached an agreement to resolve and settle all of the claims asserted by Plaintiff against Defendant.  The parties reached agreement and subsequently prepared and signed a Separation Agreement and General Release ("Settlement Agreement") that memorializes the monetary and non-monetary terms and conditions of the settlement.  *See* ECF No. 39-1.

5.      In accordance with the applicable requirements for settling an FLSA claim, the parties hereby seek the Court's approval of the settlement that they have entered into to resolve their dispute.  The parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the settlement agreement.

## II.    ARGUMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for overtime and minimum wage compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor.  *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor).  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.*

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute, and have executed a Settlement Agreement.  The parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute.  Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and

costs.   Plaintiff's claim was not compromised by the deduction of attorneys' fees, costs or expenses.   The parties represent that they negotiated the settlement proceeds Plaintiff receives separate and apart from attorneys' fees and costs.   The terms of the Settlement Agreement are contingent upon approval by the Court.   Thus, the parties respectfully request that the Court approve their settlement and issue an Order dismissing this action with prejudice.

With regard to the inclusion of a general release, $100.00 of the funds received by Plaintiff is allocated as consideration given in exchange for the general release.

With regard to the confidentiality provision stating that Plaintiff "agrees not to disclose the fact of this Agreement or the terms of this Agreement to anyone, except that the [Plaintiff] may disclose such information to the [Plaintiff's] attorneys and/or tax and financial advisors[[,]" the parties agree to strike same from the agreement.

With regard to the non-disparagement clause, this clause directly relates to the well-being of the Company, its officers and employees, as well as its business and financial affairs.   This clause is part of the general release.   Further, Defendant is required to provide a neutral reference of employment, which prohibits Defendant from disparaging Plaintiff.   With regard to the Social Media and Internet Practices policy, this relates to internet activity which could result in Defendant being charged money in the event Plaintiff clicks on Defendant's paid advertisements.   This does not limit Plaintiff's First Amendment rights, it simply prohibits Plaintiff from engaging in activity which would result in Defendant being charged for paid advertisements.   Finally, Plaintiff is also required to remove Defendant's name from his social media or websites, to the extent possible, which is fair as Plaintiff is no longer employed by Defendant.

With regard to the no reemployment clause, Plaintiff does not desire any future reemployment with Defendant.

With regard to the waiver of jury trial, the parties agree to strike that provision.

WHEREFORE, the parties respectfully request that the Court enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice.

DATED this 8th day of June 2018.

Respectfully submitted,

*/s/ Noah E. Storch___*
Noah Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*

*/s/ Thomas J. Leek___*
Thomas J. Leek
Florida Bar No. 116408
Cobb Cole
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 323-9210
Facsimile: (386) 944-7954
E-mail: Thomas.Leek@cobbcole.com

*Counsel for Defendant*