UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARCO A. VELEZ RIVERA,**

      **Plaintiff,**

**v.**                                                                 Case No:   6:17-cv-156-Orl-28GJK

**CO2METER,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** RENEWED JOINT MOTION REQUESTING ORDER APPROVING CONFIDENTIAL SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE (Doc. No. 41)
>
> **FILED:** June 8, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.  BACKGROUND.**

On January 30, 2017, Plaintiff filed a complaint against Defendant, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). Doc. No. 1. On February 12, 2018, the parties filed a joint motion requesting approval of their settlement agreement (the "Agreement"). Doc. No. 39. On March 7, 2018, the joint motion was denied because the motion did not adequately address the issue of the amount allocated for attorney's fees and costs. Doc. No. 40. On June 8, 2018, the parties filed a renewed joint motion for approval of the Agreement

(the "Motion"). Doc. No. 41. For the reasons that follow, it is recommended that the Motion be granted in part and denied in part.

## II. LAW.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and

   (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

  In FLSA cases, the Eleventh Circuit questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).[2] In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52. For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternative means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the*

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> *plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

### III.   ANALYSIS.

#### A.   Settlement of Plaintiff's FLSA Claim.

Plaintiff averred that the total amount of overtime owed to him is $16,827, plus an equal amount of liquidated damages. Doc. No. 20 at 2. Under the Agreement, Plaintiff will receive $5,000. Doc. No. 39-1 at 1. Thus, Plaintiff's claim is compromised. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of Lynn's Food Stores.").

The case involves a bona fide dispute regarding Plaintiff's FLSA overtime claim. Doc. Nos. 1, 11. The parties decided to settle their dispute to avoid the risk of litigation. Doc. No. 41 at 2. Considering the foregoing, and the strong presumption favoring settlement, the settlement amount is fair and reasonable.

**B.     Attorney's Fees and Costs.**

Under the Agreement, Plaintiff's counsel will receive $10,000 for attorney's fees and costs. Doc. No. 39-1 at 1. The parties represent that attorney's fees were negotiated separately from Plaintiff's recovery. Doc. No. at 41 at 3. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the Agreement's attorney's fee provision is fair and reasonable.

**C.     General Release Provision.**

The Agreement contains a general release. Courts within this District have questioned the propriety of such a provision when evaluating the fairness and reasonableness of FLSA settlements. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release—that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010).

General release provisions have been approved when the plaintiff receives separate consideration. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving FLSA settlement providing $100.00 as separate consideration for a general release); *Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-

22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for confidentiality and non-disparagement clauses). The parties represent in the Motion that "$100.00 of the funds received by Plaintiff is allocated as consideration given in exchange for the general release." Doc. No. 41 at 3. As the parties represent that separate consideration was received for the general release, the general release does not prevent approval of the Agreement.

### D.   Confidentiality and Jury Trial Waiver Provisions.

The Agreement contains both confidentiality and jury trial waiver provisions. Doc. No. 39-1 at 4, 7. Both provisions are disfavored. *Pariente v. CLC Resorts & Devs., Inc*., No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014); *Raynon v. RHA/Fern Park Mr., Inc.*, No. 6:14-CV-1112-ORL-37, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014) (severing waiver of jury trial in FLSA settlement agreement, as claim for lost wages under FLSA contains Seventh Amendment jury right, and plaintiff received nothing for the waiver).

The Agreement contains a severability clause, however, providing: "The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable." Doc. No. 39-1 at 5. Pursuant to the severability clause, the Court may strike the confidentiality and jury trial waiver provisions from the Agreement without impacting the enforceability of the remainder of the Agreement. *See Pariente*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5-6 (striking confidentiality clause pursuant to severability clause). Additionally, the parties state that they agree to strike these provisions. Doc. No. 39-1 at 3-4.

### E.   Non-disparagement Provision and Social Media Clause.

The Agreement contains the following provision (the "Social Media Clause"):

- 7 -

> <u>Social Media and Internet Practices</u>. [Plaintiff] shall not engage in clicking on [Defendant's] paid advertisements on Google, nor shall [Plaintiff] engage in clicking on [Defendant's] paid advertisements on any and all of [Defendant's] websites . . . . [Plaintiff] shall remove [Defendant's] name or comments from any social media websites or other websites, to the extent possible on part of [Plaintiff].

Doc. No. 39-1 at 4. The Agreement also contains a non-disparagement clause. *Id.* at 4-5. "Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2. *See also Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (noting that courts typically reject non-disparagement clauses in FLSA settlement agreements).

This Court has approved non-disparagement clauses in FLSA settlement agreements where the non-disparagement provisions were mutual. *Bell v. James C. Hall, Inc.*, No. 6:16-CV-218-ORL-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-CV-218-ORL-41TBS, 2016 WL 5146318 (M.D. Fla. Sept. 21, 2016). As the non-disparagement provision here is mutual, it does not preclude approving the Agreement.

The same cannot be said of the Social Media Clause, however. The Social Media Clause is unilateral, in that Plaintiff makes all of the promises regarding clicking on Defendant's paid advertisements and removing Defendant's name or comments from websites. Doc. No. 39-1 at 4. No additional consideration is provided to Plaintiff for these promises. *Id.*

The parties do not provide any detail regarding Plaintiff's past online postings regarding Defendant. Thus, the Motion lacks sufficient information permitting the Court to find that the Social Media Clause is fair and reasonable. If the prior postings discussed Defendant's alleged violations of the FLSA, then removing them is akin to asking Plaintiff to retract his allegations in

the Complaint regarding Defendant's failure to pay wages legally due. This is similar to a confidentiality provision, which the courts disfavor in FLSA cases. *Pariente*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5; *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."). Although the parties argue a legitimate reason for prohibiting Plaintiff from clicking on Defendant's paid advertisements, Plaintiff received no additional consideration for agreeing to this prohibition. "An employee's right to a minimum wage and overtime is unconditional, and the district court should countenance the creation of no condition, whether confidentiality or any other construct, that offends the purpose of the FLSA." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d at 1247. Permitting the prohibition against clicking on Defendant's paid advertisements without either separate consideration or an explanation of why Plaintiff is not relinquishing something of value results in Plaintiff's award under the Agreement being for something other than lost wages. Because (1) that right to lost wages is unconditional, (2) the requirement that Plaintiff remove online postings regarding Defendant is akin to a confidentiality provision, and (3) there is no mutuality in the Social Media Clause, it is recommended that, as permitted under the severability clause, the Court strike the Social Media Clause from the Agreement.

### F.    No Reemployment Clause.

The Agreement contains a no reemployment clause. Doc. No. 39-1 at 4. The parties represent that "Plaintiff does not desire any future reemployment with Defendant." Doc. No. 41 at 3. No reemployment clauses are different from general releases, in that the plaintiffs, as former employees of the defendants, know exactly what they are relinquishing when they agree not to

seek future employment with the defendants. There is no indication that the clause undermines the fairness of the Agreement, and it does not preclude approval of the Agreement. *See generally Robertson v. Ther-RX Corp.*, No. 2:09cv1010–MHT (WO), 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011) (finding no-future-employment clause in FLSA settlement agreement inconsequential where plaintiffs did not want to work for defendants again and "because the future financial viability of this corporation is quite precarious, future employment is far from assured for anyone.").

## IV.   CONCLUSION.

Based on the foregoing, it is **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Motion (Doc. No. 41) as follows:

1. That the Court **STRIKE** the confidentiality and jury trial waiver provisions and the Social Media Clause from the Agreement;

2. That the Motion (Doc. No. 41) be **GRANTED** to the extent that the Court finds the Agreement (Doc. No. 39-1) to be a fair and reasonable compromise of Plaintiff's FLSA claim;

3. That this case be **DISMISSED with prejudice**; and

4. That the Motion be otherwise **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the final disposition of this matter, if the parties have no objection to this Report and**

**Recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida, on June 14, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties